## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **MICHAEL CONN,** | |
| Plaintiff, | **Civil Action No.** 6:13-cv-117 |
| vs. | |
| **PIONEER CREDIT RECOVERY, INC.;** and **DOES 1 through 10, inclusive,** | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendants. | |

## <u>COMPLAINT</u>

### I.    INTRODUCTION

1.  This is an action for actual and statutory damages brought by plaintiff Michael Conn, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA'') which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; against Defendant's violations of the Texas Debt Collection Practices Act § 392 (hereinafter "TDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices; by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### II.    JURISDICTION

2.  Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1331 and 1337.

3.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here.  Because Defendants transact business here, personal jurisdiction is established.

### III.    PARTIES

4.  Plaintiff, Michael Conn (hereinafter "Plaintiff") is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Bell County, in the state of Texas.

5.  Defendant, Pioneer Credit Recovery, Inc. (hereinafter "PCR") is a foreign collection agency and foreign corporation engaged in the business of collecting debt in this state with its principal place of business located in the state of New York.

6.  Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.  Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendant as collection agents, whose identities are currently unknown to Plaintiff.  Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8.  Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts.  Defendants are engaged in the collection of debts from

consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.  At all relevant times, Defendant PCR acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    FACTUAL ALLEGATIONS

10.  Sometime before July of 2012, Plaintiff, Michael Conn, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11.  Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

12.  The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13.  Defendants then within one year prior to the filing of this complaint, contacted Plaintiff and placed collection calls to Plaintiff, including calls to Plaintiff after 9 o'clock p.m. which is an inconvenient time, without Plaintiff's consent and without the calls being for emergency purposes; seeking and demanding payment for an alleged consumer debt owed under an account number.

14.  Upon information and belief, Defendants, within one year prior to the filing of this complaint, threatened to garnish Plaintiff's wages and tax returns themselves, when they cannot do so; as in regards to federal student loans it can only assist the creditor in the garnishment process, such as in processing paperwork, but they are not the one garnishing Plaintiff itself. Defendants used such misleading communications as a scare tactic to try to scare Plaintiff into feeling he needed to make payments on the alleged debt to Defendants as soon as possible. Many complaints have been made publicly in regards to Defendant PCR's usage of misleading communications directed to consumers.

15.  Upon information and belief, within one year prior to the filing of this complaint, Defendants threatened to take money out of Plaintiff's bank account unilaterally, when they cannot do so.

## V.    SUMMARY

16.  All of the above-described collection communications made to Plaintiff Michael Conn by each individual Defendant and other collection employees employed by Defendant PCR were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

17.  The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and the TDCPA, including but not limited to all of the above mentioned provisions of the FDCPA and TDCPA.

18.  As a result of the acts alleged above, Defendants caused Plaintiff to become very upset because of the aggressive manner in which this debt was collected by these Defendants.

19.  Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, and upset, amongst other negative emotions.

20.  Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff.

## VI.  *RESPONDEAT SUPERIOR LIABILITY*

21.  The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant PCR who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant PCR.

22.  The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant PCR in collecting consumer debts.

23.  By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant PCR.

24.  Defendant PCR is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of both the FDCPA and TDCPA, in their attempts to collect this debt by communicating with Plaintiff.

## VII.  *CAUSES OF ACTION*

## *COUNT I*

## *VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT*

### *15 U.S.C. § 1692 et seq.*

25.  Plaintiff Michael Conn repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

> (a)  Defendants violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

> (b) Defendant violated *§1692e(10)* of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

> (c) Defendant violated *§1692e(2)(B)* of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

> (d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take; and

> (e) Defendant violated *§1692c(b)* of the FDCPA by alerting a third party to Plaintiff's alleged debt without the consent of the Plaintiff and the contact was not in a manner covered by *§1692b* of the FDCPA.

27.  As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount

up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

***COUNT II***

***VIOLATIONS OF THE TEXAS DEBT COLLECTION PRACTICES ACT***

***TDCPA § 392***

28.  Plaintiff Michael Conn repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.  Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

30.  Defendant violated TDCPA § 392.  Defendant's violations of TDCPA § 392 include, but are not limited to the following:

> (a)  Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

31. Defendants' acts as described above were done intentionally with the purpose of coercing Michael Conn to pay the alleged debt.

32.  As a result of the foregoing violations of the TDCPA, Defendant is liable to the Plaintiff Michael Conn for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TDCPA.

///

///

///

7

### VIII.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Michael Conn, respectfully requests that judgment be entered against each Defendant for the following:

A.  Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and actual damages from each Defendant pursuant to TDCPA § 392 for the emotional distress suffered as a result of the intentional and/or negligent TDCPA violations; in an amounts to be determined at trial and for Plaintiff.

B.  Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C.  Statutory damages from each Defendant pursuant to TDCPA § 392.

D.  Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3), and also pursuant to TDCPA § 392 et al.

E.  For such other and further relief as the Court may deem just and proper.


DATED: April 05, 2013                     RESPECTFULLY SUBMITTED,

                                        By: /s/ Kimberly A. Lucas
                                        Kimberly A. Lucas, Esq.
                                        State Bar No. 14991480
                                        Kyle Mathis & Lucas, LLP
                                        8226 Douglas Ave., Suite 450
                                        Dallas, TX 75225
                                        klucas@kylemathis.com
                                        T: 214-706-7607
                                        F: 214-706-7622
                                        *Attorney for Plaintiff,*
                                        *Michael Conn*

8

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff Michael Conn demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.